**UNITED STATES v. 29,930 SQUARE FEET OF LAND, MORE OR LESS, SITUATE IN BOROUGH OF BROOKLYN, KINGS COUNTY, et al.**

No. M. 658.

District Court, E. D. New York.

March 18, 1943.

Harry T. Dolan, Sp. Asst. to Atty. Gen., of United States (John A. Jordan, of Brooklyn, N. Y., of counsel), for petitioner-plaintiff.

Charles Lamb, of New York City, for defendant Nergenthaler Linotype Co.

CAMPBELL, District Judge.

This is a proceeding for the condemnation of land and buildings including one half of a party wall which was instituted on March 17, 1942, by the filing of a notice and petition, and a declaration of taking in this court, and by the deposit in the registry of this court of the sum of $55,000 representing the estimated fair value and just compensation for the property and estate taken, as set forth in the declaration of taking.

On or about February 9, 1942, a portion of the original property and buildings was taken by the City of New York, in the widening of Park Avenue and the petitioner-plaintiff, to accomplish its desire for immediate use, was permitted by the owner thereof to enter upon the premises and remove the buildings remaining on the part to be taken in this proceeding between February 9, 1942 and March 17, 1942, the date of the declaration of taking.

By stipulation of the attorneys for the respective parties, it was agreed that there may be included in the valuation to be fixed and determined by this court in this proceeding, for the property taken herein, the fair market value of that portion of the structures, buildings and improvements, which was located on this property and which remained after the taking of a portion of this property by the City of New York on or about February 9, 1942.

The land and buildings taken in this proceeding, the fixing of the value of which is before me herein, originally formed part of an improved parcel of land located on the northerly side of Park Avenue, and extending from the westerly side of Grand Avenue to the easterly side of Ryerson Street, in the Borough of Brooklyn, New York. The plot originally comprised 37,264 square feet, and was improved by buildings and structures as indicated on Exhibit 2. Condemnation proceedings instituted by the City of New York for the widening of Park Avenue, resulted in the taking of approximately 7,334 square feet of the original plot, together with that portion of the buildings, structures and improvements located thereon, as shown on Exhibit 3.

While the taking by the city antidated the taking by the Government, the severance resulting from the taking by the city was theoretical only, as the taking by the government occured prior to the actual physical taking of the land or severance of the buildings and improvements by the city in connection with the actual widening of Park Avenue.

What we are called upon to value in this proceeding, under the stipulation, supra, is the balance of the land and improvements, which would theoretically remain after the city taking, and the taking of the portion of the party wall taken in these proceedings, forming part of a building located on an adjoining parcel as it did of the parcel taken in this proceeding.

On behalf of the defendant Nergenthaler Linotype Company, a claim, based upon the testimony of its expert, is made, for $2 per square foot for the land taken, plus increment for double corner influence and plottage.

There is no evidence in this proceeding which warrants any award of that size, other than the opinion of defendants' expert which is not supported by any sales in that neighborhood of large parcels of land improved, or unimproved, within the past five years, during which there has generally been an upward tendency in real estate values.

On behalf of the plaintiff, it is contended that there should not be any increment added for double corner influence, but that contention can not be sustained, as by the taking of the frontage on Park Avenue, there was created, a new northerly line of Park Avenue, with two new corners at Grand Avenue and Ryerson Street, respectively, which must be considered, in making the award herein, on the basis of the value of the land, taken, as will hereinafter be determined.

The land taken is a large parcel, and, of course, plottage is to be considered, but it may be included in the main award.

On behalf of defendant, it is contended that the value of the buildings, based entirely upon reproduction cost, less physical depreciation, is $44,619.81.

While consideration may properly be given to cost of reproduction, less physical depreciation, there are other elements of deduction that should be made, such as obsolesce, or economic depreciation on account of the age, lack of utility, outmoded design, or functional obsolescence. None of these were considered by defendants' building expert, notwithstanding the fact that although he did not know the age of the buildings, he did know that they had existed from a time before 1920, his opinion was accepted by the real estate expert. Such depreciation undoubtedly equaled 20%.

Even if the buildings had sufficiently met the necessities of the owner thereof, that is not controlling, as it is not their particular value to the owner, or the condemner, that is controlling, but their fair market value to a purchaser, ready and willing to buy, and, therefore, what the improvements add to the value of the land.

One thing stands out plainly, and that is, the fact that the fronts of the buildings had been removed in the taking by the city, and to make use of the improvements new fronts costing $12,000 would have to be installed where taken by the city.

This is a damage for which the government is not responsible, as no new fronts had been installed, and they were not taken by the government in these proceedings, and by the method pursued by defendants' experts the existence of the fronts was clearly included.

Not only would that fact reduce the replacement value that might be charged against the plaintiff by that amount, but the effect on a purchaser who would be required to expend that large sum to place new fronts on old buildings, would naturally be, to reduce the value as a whole, when considering what the improvements added to the value of the land. Mr. Grace testified that in his valuation of the improvements, he did not include the value of the one half of the party wall, for which an award is asked at this time, and surely if no wall on that part of the building where the party wall existed was included in his estimate, then surely the valuation of Mr. Grace, which was approved and used by McCurdy, would clearly be too high. In making my finding, as to the value of the improvements taken, I have omitted from my general amounts awarded for buildings and improvements the party wall, and treated it separately. The value of the improvements taken did not exceed $20,000.

As to the party wall herein, the government certainly did take one half thereof, free from any party wall agreement.

The one half of the wall, which was not taken, was not of sufficient width to comply with the law.

The only evidence offered, as to the value of the one half of the party wall, so taken, which had particularly strong foundations, put its sound value at $9,846.-96, for which amount an award should be made to defendant.

On the part of the government, it is contended that as the government has used the wall, with reference to the new building, no award should be made.

At first this seems to be an argument which requires consideration, but on further consideration we see that it is the sound value of the thing taken, and the right taken, not its present exercise, which determines the award, and certainly the government did not limit its taking by any exception due to any party wall agreement, but took one half of the wall, without any exception, and could remove it, or leave it standing at its pleasure.

The parcel here in question is one large parcel, and may properly be considered on a square foot valuation, without attempting to value it in portions according to its frontages on separate streets and avenues.

I viewed the premises in question after the day of taking, and after the erection of the new building thereon.

I award for land, improvements, and one half of party wall taken, as follows:

Land 29,930 square feet at $1.25 per square foot, including therein 10% for plottage........ $37,412.50
50% for corner influence.......... 2,500.00   $39,912.50

Improvements, exclusive of party wall....   20,000.00
½ Party Wall..............................   9,846.96

Total ....................................   $69,759.46

Settle decree on notice.